```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARNELL LEE JOHNSON,                :
          Plaintiff,                :
     v.                             :  Case No. 3:05-cv-307-KRG-KAP
THOMAS L. JAMES,                    :
          Defendant                 :
```

Report and Recommendation

Recommendation

I ordered the parties to submit whatever evidence they had on the question whether plaintiff had exhausted his administrative remedies before filing the complaint in this matter. Defendant replied; plaintiff did not. Having considered the record, I recommend the complaint be dismissed on the merits, for lack of exhaustion, and for failure to prosecute.

Report

Plaintiff filed a complaint at Johnson v. Pirozzola, Case No. 3:05-cv-49-KRG-KAP, alleging a civil rights violation in 2003 by a corrections officer at S.C.I. Somerset. That complaint was dismissed and plaintiff's appeal was dismissed for failure to prosecute. In this matter, plaintiff seeks $1 million from defendant James, a hearing examiner employed by the Pennsylvania Department of Corrections, for allegedly removing a document from his administrative appeal in that matter.

A review of defendant's motion to dismiss, docket no. 30-1, and the exhibits in support, docket no. 30-2, shows that plaintiff grieved the alleged 2003 civil rights violation but never grieved this matter, which he characterizes in his complaint as a

tampering with the mail to cover up the lack of an investigation into his civil rights complaint.  See docket no. 2, Complaint.

Exhaustion of a prison system's administrative remedy procedures is mandatory before an inmate files a federal lawsuit, because the Prison Litigation Reform Act of 1996 amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.§ 1997e(a), to state:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Exhaustion of remedies by an inmate must take place regardless of the adequacy of the administrative process. Booth v. Churner, 532 U.S. 731 (2001). The Supreme Court has recently confirmed the Court of Appeals for the Third Circuit's reading of Section 1997e as including the doctrine of procedural default: failure to exhaust administrative remedies in accordance with the prison's requirements constitutes procedural default barring a subsequent civil claim in federal court. Woodford v. Ngo, 126 S.Ct. 2738 (2006); see also Spruill v. Gillis, 372 F.3d 218 (3d Cir.2004).

No one disputes that the Pennsylvania Department of Corrections has an administrative grievance procedure, and plaintiff's complaint in fact is based on his alleged use of it. Defendants have carried their burden, see Brown v. Croak, 312 F.3d 109, 111-12 (3d Cir.2002), to prove that plaintiff did not exhaust his administrative remedies. Exhaustion is satisfied by

2

substantial compliance with the existing remedial scheme, <u>see</u> <u>Nyhuis v. Reno</u>, 204 F.3d 65, 77-78 (3d Cir.2000), but plaintiff does not show any compliance.

Second, supposing for the moment that plaintiff had exhausted his administrative remedies, plaintiff's complaint fails to state a claim. Even if defendant removed a document from plaintiff's administrative appeal, that violates no federal right. Plaintiff has no federal right to an investigation by the Pennsylvania Department of Corrections of his 2003 complaint, and any alleged removal of documents had no effect on plaintiff's action at <u>Johnson v. Pirozzola</u>, Case No. 3:05-cv-49-KRG-KAP, because that matter was dismissed on the merits for failure to state a claim, not for failure to exhaust administrative remedies.

Finally, as with <u>Johnson v. Dutko</u>, Case No. 3:06-cv-44-KRG-KAP, and at <u>Johnson v. Pirrozzola</u>, Case No. 3:06-cv-105-KRG-KAP, the complaint should be dismissed for failure to prosecute. Plaintiff is a mentally ill inmate who files meritless complaints asking for large sums of money from corrections officers and from the Commonwealth of Pennsylvania, and then fails to file timely pleadings. The only reasonably effective sanction for plaintiff's failure to meet filing deadlines is dismissal.

3

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 30 January 2007

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Darnell Lee Johnson CE-3849
S.C.I. Mahanoy
301 Morea Road
Frackville, PA 17932